# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| VIRTUAL FLEET MANAGEMENT, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>FLEETILLA, LLC,<br><br>    Defendant. | Civil Action No. _____<br><br>**(JURY TRIAL DEMANDED)** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Virtual Fleet Management, LLC ("*Virtual Fleet*" or "*Plaintiff*") hereby alleges and complains as follows:

### PARTIES

1. Plaintiff Virtual Fleet is a Texas limited liability company with its principal place of business in this district.

2. Virtual Fleet is the owner of all right, title, and interest, in and to U.S. Patent No. 6,958,701 ("the *'701 Patent*"), a copy of which is attached hereto as Exhibit A, and is entitled "Transportation Monitoring System for Detecting the Approach of a Specific Vehicle" and was duly and legally issued by the United States Patent and Trademark Office.

3. Upon information and belief, Defendant Fleetilla, LLC. ("Fleetilla") is a Michigan corporation with a principle place of business at 5200 S. State Road, Ann Arbor, MI 48108.

4. Upon information and belief, Fleetilla manufactures, imports, sells and/or offers for sale GPS devices and software that infringes the '701 Patent.

## JURISDICTION AND VENUE

5. This is a claim for patent infringement brought by Virtual Fleet that arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et. seq.*, including 35 U.S.C. § 271.

6. This Court has exclusive subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338, and applicable principles of supplemental jurisdiction.

7. Defendant is subject to personal jurisdiction in the state of Texas (this "***State***") and this judicial district consistent with the principles of due process.

8. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400 because Defendant has done business, has infringed, and continues to infringe the '701 Patent within this judicial district, and this action arises from transaction of that business, including via its interactive websites, contact with consumers in this judicial district, and retail sales within this judicial district, including but not limited to sales through retailers such as JBA Telematics and JBA Technologies.

9. Upon information and belief, Defendant transacted business, contracted to supply goods or services including but not limited to sales through retailers such as JBA Telematics and JBA Technologies, and caused injury to Plaintiff within Texas and this judicial district, and has otherwise purposefully availed itself of the privileges and benefits of the laws of Texas and is therefore subject to the jurisdiction of this Court.

10. Upon information and belief, Defendant placed infringing products for sale online and in retail stores, including but not limited to JBA Telematics and JBA Technologies, to be used, shipped, and sold in this judicial district.

11. Upon information and belief, Defendant placed infringing products in the stream of commerce with the expectation that they would be bought and sold in retail stores, including but not limited to JPA Telematics and JBA Technologies, within this judicial district.

12. Defendant has offered and continues to offer its products for sale in this State, has transacted business and continues to transact business in this State, has committed and/or induced acts of patent infringement in this State, and/or has placed infringing products into the stream of commerce through established distribution channels, including but not limited to sales through retailers such as JBA Telematics and JBA Technologies, with the expectation that such products will be purchased by residents of this State.

13. Upon information and belief, Defendant is subject to this Court's general and specific personal jurisdiction because it has minimum contact within the State and this judicial district, including via its websites, pursuant to due process and/or the Texas Long Arm Statute

14. Upon information and belief, Defendant regularly conducts business within this State and judicial district and Virtual Fleet's causes of action arise directly from Defendant's business contacts and other activities in the State and this judicial district.

## THE ANTICIPATORY SUIT

15. Virtual Fleet engaged Patent Licensing Alliance ("PLA"), which specializes in research and sales of third party patents, to identify companies whose products and services may benefit from the technology covered by the '701 Patent.

16. On March 15, 2016, PLA sent a letter to Pradeep Kumar, Chief Executive Officer for Fleetilla, LLC, explaining that PLA's research team identified Fleetilla's Fleet Management product as a product that utilizes the technology claimed and disclosed in the '701 Patent.

17. The letter indicated that although Fleetilla's products employed the patented technology without a license, Virtual Fleet would prefer to negotiate a license with Fleetilla for the patented technology rather than pursuing an infringement action.

18. Virtual Fleet negotiated with Fleetilla but was unable to reach a settlement or negotiate a license with Fleetilla for use of the patented technology.

19. On March 23, 2016, Fleetilla filed suit against Virtual Fleet in the Eastern District of Michigan, Case No. 5:16-cv-11060 ("Michigan suit"), seeking a declaratory judgment regarding the applicability of the patent at issue in this suit based on what amounts to an affirmative defense in this suit.

20. Virtual Fleet has not yet been served the amended complaint in the Michigan suit.

21. Fleetilla has no standing to bring the Michigan suit and as such does not and cannot satisfy the general doctrine of "first to file" rule.

22. Additionally, the Michigan suit fails on 12(b)6 grounds for failure to state a claim.

23. The Michigan suit further fails for lack of personal jurisdiction.

24. The Michigan suit, in any event, was brought in an improper forum.

25. As Fleetilla has no standing to bring the Michigan suit under Article III, the suit and claims are void ab initio.

26. Consequently, this action in the E.D. of Texas is the first, validly filed suit where jurisdiction and venue are proper.

**FIRST CLAIM FOR RELIEF**
**INFRINGEMENT OF U.S. PATENT NO. 6,958,701**

27. Virtual Fleet is the owner, by assignment, of all right, title and interest in and to the '701 Patent, including standing to sue and recover all past, present, and future damages for infringement of the '701 Patent.

28. Virtual Fleet has complied with the provisions of 35 U.S.C. § 287.

29. Upon information and belief, Defendant, either alone or in conjunction with others, has infringed and continues to infringe, contribute to infringement, and/or induce infringement of the '701 Patent by making, selling, and/or offering to sell, and/or causing others to use, methods and systems, including, but not limited to the Fleet Management, which infringes one or more claims of the '701 Patent ("Accused Products").

30. Defendant is liable for infringement of one or more claims of the '701 Patent, including, pursuant to 35 U.S.C. § 271 as set forth therein and incorporated by this reference, but making, using, selling, offering for sale, and/or importing the Accused Products.

31. Defendant is liable for indirect infringement of the '701 Patent by inducing and/or contributing to direct infringements of the '701 Patent committed by end users of the Accused Products.

32. At least from the time Defendant received this Complaint, by which it was given actual notice of the '701 Patent, Defendants induced infringement because they knew, or should have known, that their acts would cause patent infringement, and they acted with intent to encourage direct infringement by their end users.

33. At least from the time Defendant received this Complaint, Defendant contributed to direct infringement by its end users by knowing that the Accused Products and methods would be implemented by its end users; that its methods, components, system and Accused Products were especially designed or especially adapted for a combination covered by one or more claims of the '701 Patent; that there are no substantial non-infringing uses; and the Accused Products are a material part of the infringement.

34. Defendants had knowledge of the '701 Patent and are infringing despite such knowledge. The infringement has been and continues to be willful and deliberate.

35. Defendants' acts of infringement have caused damage to Plaintiff, and Plaintiff is entitled to recover damages sustained as a result of Defendants' wrongful acts in an amount subject to proof at trial, but in no event less than a reasonable royalty.

36. Defendants' infringing activities have injured and will continue to injure Plaintiff unless and until this Court enters an injunction prohibiting further infringement of the '701 Patent.

29. By way of example, without Defendant's Accused Product conducts satisfies each and every element of the '701 patent's claim 10 by:

   a. Fleetilla makes, uses, (including tests), sells and/or instructs customers to use a means for alerting a person to the proximity of a transmitter at a first instant of time. Fleetilla provides, among other alerts, proximity of a transmitter associated with a vehicle. https://fleetilla.com/products/fleet-management-solutions/fleetmobi

   b. Fleetilla makes, uses (including tests), sells and/or instructs customers to use a transmitter and receiver spatially disparate to said transmitter, said transmitter and receiver tuned to a common transmission signal. Each vehicle tracked by Fleetilla includes a transmitter to transmit, among other information, the location of the vehicle. A receiver, spatially disparate from the transmitter in each vehicle, is tuned to a common transmission signal to receive information transmitted by the transmitter, such as vehicle location, speed, etc.

   c. Utilizing a threshold of said common transmission signal detectable by said receiver through the common transmission signal of the transmitter, which is

detectable by the receiver, and has a threshold. The common transmission signal of the Fleetilla transmitter, which is detectable by the Fleetilla receiver, has a threshold, such as maximum transmission distance of the transmitter and/or minimum signal strength that the receiver is capable of detecting.

      d.     Providing a code carried by said common transmission signal detectable by said receiver; each transmitter includes a code to uniquely identify each driver/vehicle. Fleetilla makes, uses (including tests), sells and/or instructs customers to use a code carried by said common transmission signal identifying said transmitter and detectable by said receiver. Each Fleetilla transmitter includes a code to uniquely identify each driver/vehicle. Such code is received and detectable by said receiver, including to identify a particular driver/vehicle among multiple drivers/vehicles.

      e.     Fleetilla makes, uses (including tests), sells and/or instructs customers to use a means within said receiver for comparing said code to a plurality of stored values and responsive to a match therewith generating a signal indicative of a match. The Fleetilla receiver includes software for comparing the code sent by a particular Fleetilla transmitter with a plurality of stored values that identify drivers/vehicles. Upon receiving a particular code that matches a particular driver/vehicle, Fleetilla generates a signal indicative of the match, including for example, a signal logging the information associated with the driver/vehicle, such as speed, location, time driven, entry/exit into a particular geofence/region, etc.

      f.     Fleetilla makes, uses (including tests), sells and/or instructs customers to use a means to prevent at least one of said plurality of stored values from being included in said match signal generating. Fleetilla includes certain lock-outs, such as geographic-

7

based lockout, for preventing at least one of the said plurality of stored values from being included in said match signal generating.  For example Fleetilla includes a "geofence" lockout in order to prevent alerts from being generated for a particular driver/vehicle even if a match signal is detected/generated.

      g.      Fleetilla makes uses (including tests), sells and/or instructs customers to use a means for alerting a person to a proximity of a transmitter wherein said code uniquely identifies said transmitter.  The Fleetilla transmitter is "unique" for each given transmitter associated with a driver/vehicle in order to identify the particular driver/vehicle (among a plurality of drivers/vehicles) with which the transmitter is associated.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that, after a trial, this Court enter judgment against Defendant as follows:

A.     An entry of final judgement in favor of Plaintiff and against Defendant;

B.     An award of damages adequate to compensate Plaintiff for the infringement that has occurred, but in no event less than a reasonable royalty as permitted by 35 U.S.C. § 284, together with prejudgment interest from the date the infringement began;

C.     An injunction permanently prohibiting Defendant and all persons in active concert or participation with Defendant from further acts of infringement of '701 Patent;

D.     Treble damages as provided for under 35 U.S.C. § 284 in view of the knowing, willful, and intentional nature of Defendant's acts;

E.  Awarding Plaintiff its costs and expenses of this litigation, including its reasonable attorneys' fees and disbursements, pursuant to 35 U.S.C. § 285; and

F.  Such other further relief that Plaintiff is entitled to under the law, and any other and further relief that this Court or a jury may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all claims and issues so triable.

Dated: June 14, 2016  By:  /s/ Joseph G. Pia  
Joseph G. Pia  
joe.pia@padrm.com  
Texas Bar No. 24093854  
Chrystal Mancuso-Smith (Admitted in this District)  
Utah State Bar No. 11153  
cmancuso@padrm.com  
PIA ANDERSON DORIUS REYNARD & MOSS  
136 E. South Temple, Suite 1900  
Salt Lake City, Utah 84111  
Telephone: (801) 350-9000  
Facsimile: (801) 350-9010  

ATTORNEYS FOR PLAINTIFF